United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IMEX SHIPPING EUROPE LTD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-135 |
| | § | |
| GARDINER WELLER, et al., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the Plaintiff's Amended Complaint and attendant pleadings and exhibits. *See* Dkt. Nos. 1, 4, 4-1, 4-2, 4-3, 4-4, 4-5, 9.[1]  On June 21, 2016, the Court issued a Notice and Order which informed Plaintiff that its Original Complaint "lacked a short, plain statement concerning the Court's jurisdiction, and a short, plain statement showing that Plaintiff is entitled to relief." Dkt. No. 5 at 1 (citing FED. R. CIV. P. 8 (a)(1)-(2)).  The Notice and Order also informed Plaintiff that its Original Complaint failed to comply with Rule 10(b) of the Federal Rules of Civil Procedure because it failed to "state its claims in numbered paragraphs that are limited as much as possible to a single set of circumstances." *Id.* (citing FED. R. CIV. P. 10(b)).  The Notice and Order notified Plaintiff that its case would be "**scheduled for dismissal with prejudice, unless**

---

[1] Plaintiff identifies itself as "Imex Shipping Europe Ltd." Dkt. No. 1 at 1; Dkt. No. 9 at 1. However, Plaintiff's Original Complaint and Amended Complaint are both signed by Terence Daly, pro se. Dkt. No. 1 at 3; Dkt. No. 9 at 4.  Terence Daly states that, "at all material times" he has been "the majority shareholder and owner of Imex Shipping Europe Ltd[.]" Dkt. No. 9 at 4.

**Plaintiff files an amended complaint that states a claim for relief within the jurisdiction of this Court, on or before July 15, 2016.**" *Id.* at 1 (emphasis in original).

On July 8, 2016, Plaintiff filed its Amended Complaint. Dkt. No. 9. Plaintiff's Amended Complaint does not address this Court's jurisdiction, except to assert that the "proper law is the United States of America." *Id.* at 1. Plaintiff identifies itself as "the majority shareholder and owner of Imex Shipping Europe Ltd[,] a Subsidiary of Imex Corporation registered in the State of Florida U.S.A." *Id.* Plaintiff identifies the Defendants as "Gardiner Weller & Compton's solicitors" of London, England. *Id.* (errors in original). Although Plaintiff's submissions are difficult to decipher, it appears Plaintiff is attempting to challenge certain alleged legal proceedings occurring in the early nineties, in London, England. Dkt. No. 9 at 2.

> In the action in the High Court of Justice London. Commenced in the name of Imex Shipping Europe Ltd-v-Terence Daly The complaint alleges the president and majority shareholder Terence Daly fraudulently and/or without the authority, or consent of the plaintiff company withdrew the sum of $555,000 . . . Thereby alleging Mr. Daly wrongfully converted the sum of $555.000 to his own use[.]

*Id.* (errors in original, formatting altered).

It also appears that Plaintiff is bringing its instant lawsuit in an attempt to "claim[] relief for all [of] the funds obtained by fraud and conversion by the Defendant[s.]" Dkt. No. 9 at 4.

> [F]urther and alternatively the Plaintiffs claim interest on the sum of $555,000 including the sums obtained from the bank of Scotland and Fortune Bank and other source for the amount of U S Dollars and

pounds sterling to the total amount of 502,594,94 GBP to be assessed at such a rate and for such a period the Court thinks fit pursuant to Section 35A of the Supreme Court Act 1981, alternatively pursuant to the equitable jurisdiction of the Court, The plaintiff will contend for interest in excess of 15% and for that interest to be compounded on the grounds the Defendants the sums obtained by fraud and converted to their own use by putting the funds out of reach of the Claimant's.  By Money Laundering[.]

*Id.* (errors in original). *See also* Dkt. No. 1 at 1-4; and, Dkt. Nos. 4, 4-1, 4-2, 4-3, 4-4, 4-5.

Regardless of Plaintiff's intentions, its Amended Complaint and other submissions fail to show that this Court possesses subject matter jurisdiction over Plaintiff's claims.  Plaintiff has made no showing that the Court possesses federal question jurisdiction, diversity jurisdiction.  As Plaintiff appears to be challenging proceedings and events that occurred primarily in Florida and other countries, Plaintiff has also failed to show that venue is proper in this Court.  *See* Dkt. No. 9 at 1-3.[2] Lastly, Plaintiff's pleadings are largely nonsensical and do not state plausible facts indicating a right to any form of relief in this Court.  It is recommended that Plaintiff's Amended Complaint be dismissed, and that the Court direct the Clerk of the Court to close this case.

### Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and

---

[2] Although it is not clear why Plaintiff initiated its lawsuit in this Court, the docket in this case reveals that Terence Daly maintains a residence in Brownsville.  Therefore, Plaintiff may have filed suit here for reasons of convenience.

recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this _18th_ day of July, 2016.

Ignacio Torteya, III
United States Magistrate Judge